Case No.: 11-15485

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS
## CHICAGO DIVISION

In Re:     Jesse Dillon                                    Case No.: 11-15485
           Cheryl Dillon

                                                           Chapter 13

**Property Address: 49 N. Michigan Ave., Villa Park, IL 60181**

                                                           Judge: Donald R. Cassling

**Last four digits of any number you use
to identify the debtor's account: 2434
Court Claim No. (if known): n/a**

## STATEMENT IN RESPONSE TO NOTICE OF FINAL CURE PAYMENT

As contemplated by Fed. R. Bankr. Proc. 3002

**BANK OF AMERICA, N.A.**

("Creditor") hereby responds to that certain Notice of Final Cure Payment ("Cure Notice") dated 09/13/2013 and filed as Docket No. 39

### Pre-Petition Default Payments

Applicable Option is checked

■ Agrees that Debtor(s) has paid in full the amount required to cure the default on Creditor's claim.

☐ Disagrees that Debtor(s) has paid in full the amount required to cure the default on Creditor's claim and states that the total amount due to cure pre-petition arrears is:

| Total Amount Due: | **$ 0.00** |

Attached as Schedule of Amounts Outstanding on Prepetition Claim is an itemized amount of the pre-petition amounts that remain unpaid as of the date of this statement.

Case No.: 11-15485

# UNITED STATES BANKRUPTCY COURT

**Post-Petition Default Payments**

Applicable option is check

■ Agrees that Debtor(s) is current with respect to all payments consistent with § 1322(b)(5) of the Bankruptcy Code.

☐ Disagrees that Debtor(s) is current with respect to all payments consistent with § 1322(b)(5), and states that the total amount due to cure post-petition arrears is:

| Total Amount Due: | **$0.00** |

Attached as Schedule of Amounts Outstanding Post-Petition Claim is an itemized account of the post-petition amounts that remain unpaid as of the date of the Cure Notice. The amounts outstanding identified on the Schedule do not reflect amounts that became or may become due after the date of the Cure Notice, Including any fees that may have been incurred in the preparation, filing, or prosecution of this statement.

The amounts due identified on this statement may not, due to timing, reflect all payments sent to Creditor as of the date of the Cure Notice.  In addition, the amounts due may include payments reflected on the NDC but which have not yet been received and/or processed by Creditor.

The person completing this statement must sign it. Sign and print your name and your title (if any), and state your address and telephone number if different from the notice address listed on the proof of claim to which this Supplement applies.

Check the appropriate box

　　☐ I am the Creditor　　　　　　　　■ I am the Creditor's authorized agent.

I declare under penalty of perjury that the information provided in this Statement in Response to Notice of Final cure Payment is true and correct to the best of my knowledge, information and reasonable belief.

　_/s/    Heather D. Bock_　　　　　　　10/9/2013
　　　Heather D. Bock　　　　　　　　　　Date
　　　Agent for Creditor
　　　McCalla Raymer, LLC
　　　Six Concourse Parkway, Suite 2920
　　　Atlanta, GA 30328
　　　(678) 281-6500

Case No.: 11-15485

# UNITED STATES BANKRUPTCY COURT

**Certificate of Service**

I hereby certify that a copy of the foregoing Statement in Response to Notice of Final Cure Payment was served on the parties listed below by postage prepaid U.S. Mail, First Class or served electronically through the Court's ECF system at the e-mail address registered with the Court on this 9th day of October, 2013

    Chapter 13 Trustee:    Glenn B. Stearns, Trustee
                                           Via Electronic Service

    Debtor's Counsel:    Geraci Law L.L.C.
                                           Via Electronic Service

    Debtor:    Jesse Dillon
                 Cheryl Dillon
                 49 N. Michigan Ave.
               Villa Park, IL 60181

                                           */s/ Heather D. Bock*
                                           Heather D. Bock